IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JENNIFER McMANNIS CAUDILL AND | § | |
| JOSHUA CAUDILL, | § | |
|    Plaintiffs | § | |
| | § | |
| VS. | § | C.A. NO. 1:21-cv-00109-H |
| | § | |
| US BANK TRUST NATIONAL ASSN., | § | |
| FAY SERVICING, LLC, | § | |
| TEJAS TRUSTEE SERVICES | § | |
|    Defendants | § | |

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

**TABLE OF CONTENTS**

SUMMARY ........................................................................................................................... 1

LIVE PLEADINGS ............................................................................................................. 2

NATURE AND STAGE OF PROCEEDING ..................................................................... 2

FACTUAL BACKGROUND .............................................................................................. 3

SUMMARY JUDGMENT EVIDENCE ............................................................................. 5

DISCUSSION ...................................................................................................................... 6

      A.      Standards for Motion for Summary Judgment ........................................... 6

      B.      Plaintiffs' Wrongful Foreclosure Claim Fails ............................................ 8

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*,
  343 F.3d 401 (5th Cir. 2003) ............................................................................................... 7

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................. 7

*Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*,
  289 F.3d 373 (5th Cir. 2002) ............................................................................................... 6

*Biggers v. BAC Home Loans Servicing, LP*,
  767 F. Supp.2d 725 (N.D. Tex. 2011) ............................................................................... 11

*Boudreaux v. Swift Transp. Co.*,
  402 F.3d 536 (5th Cir. 2005) ............................................................................................... 6

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................................. 6

*Charter Nat'l Bank-Houston v. Stevens*,
  781 S.W.2d 368 (Tex. App.–Houston [14th Dist.] 1989, writ denied) ....................... 8

*Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*,
  530 F.3d 395 (5th Cir. 2008) ............................................................................................... 7

*Diamond Offshore Co. v. A&B Builders, Inc.*,
  302 F.3d 531 (5th Cir. 2002) ............................................................................................... 7

*DIRECT TV Inc. v. Robson*,
  420 F.3d 532 (5th Cir. 2006) ............................................................................................... 6

*Duffy v. Leading Edge Products, Inc.*,
  44 F.3d 308 (5th Cir. 1995) ................................................................................................. 6

*Farrell v. Hunt*,
  714 S.W.2d 298 (Tex.1986) ............................................................................................... 11

*Fillion v. David Silvers Co.*,
  709 S.W.2d 240 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.) .............. 12

*Gillespie v. Midland Mortg. Co.*,
  No. 05-06-00348-CV, 2007 WL 882490 (Tex. App.– Dallas, 2007, no pet.) .............................. 8

*Gossett v. Fed. Home Loan Mortg. Corp.*,
  919 F. Supp. 2d 852 (S.D. Tex. 2013) ................................................................................. 9, 10

*Houston First Am. Sav. v. Musick*,
  650 S.W.2d 764 (Tex. 1983) ...................................................................................................... 8

*Hunter-Reed v. City of Houston*,
  244 F.Supp.2d 733 (S.D. Tex. 2003) ......................................................................................... 7

*Hurd v. BAC Home Loans Servicing, LP*,
  880 F. Supp. 2d 747 (N.D. Tex. 2012) .................................................................................... 11

*In re Hinsley*,
  201 F.3d 638 (5th Cir. 2000) ...................................................................................................... 7

*Kirkman v. Amarillo Sav. Ass'n*,
  483 S.W.2d 302 (Tex. Civ. App.–Amarillo 1972, writ ref'd n.r.e.) ........................................... 8

*Lambert v. First Nat'l Bank of Bowie*,
  993 S.W.2d 833 (Tex. App.–Fort Worth 1999, pet. denied) ................................................... 12

*Lincoln Gen. Ins. Co. v. Reyna*,
  401 F.3d 347 (5th Cir. 2005) ...................................................................................................... 6

*Little v. Liquid Air Corp.*,
  37 F.3d 1069 (5th Cir. 1994) .................................................................................................. 6, 7

*Littlefield v. Forney Indep. Sch. Dist.*,
  268 F.3d 275 (5th Cir. 2001) ...................................................................................................... 6

*Loomis Land & Cattle Co. v. Diversified Mortg. Inv'rs*,
  533 S.W.2d 420 (Tex. Civ. App.–Tyler 1976, writ ref'd n.r.e.) .............................................. 12

*Love v. Nat'l Medical Enterprises*,
  230 F.3d 765 (5th Cir. 2000) ...................................................................................................... 7

*Lujan v. Nat'l Wildlife Fed'n*,
  497 U.S. 871 (1990) ................................................................................................................... 7

*Onwuteaka v. Cohen*,
  846 S.W.2d 889 (Tex. App.–Houston [1st Dist.] 1993, no pet.) ............................................... 9

*Pollett v. Aurora Loan Services*,
  455 Fed. Appx. 413 (5th Cir. 2011) .................................................................................... 9, 11

*Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*,
  336 F.3d 410 (5th Cir. 2003) .................................................................................... 7

*Sauceda v. GMAC Mortg. Corp.*,
  268 S.W.3d 135 (Tex. App.–Corpus Christi-Edinburg, 2008, no pet.) ...................... 9

*Skotak v. Tenneco Resins, Inc.*,
  953 F.2d 909 (5th Cir. 1992) .................................................................................... 6

*Sullivan v. Nat'l W. Life Ins. Co.*,
  417 S.W.2d 896 (Tex. Civ. App.-Houston 1967, no writ) ........................................ 8

*Tamez v. Manthey*,
  589 F.3d 764 (5th Cir. 2009) .................................................................................... 7

*Vick v. Select Portfolio Servicing, Inc.*,
  No. 3:17-CV-2031-L, 2018 WL 2321992 (N.D. Tex. Feb. 28, 2018) ...................... 12

*Weaver v. CCA Indus., Inc.*,
  529 F.3d 335 (5th Cir. 2008) .................................................................................... 6

*Willoughby v. Jones*,
  251 S.W.2d 508 (Tex. 1952) .................................................................................. 12

*WMC Mortgage Corp. v. Moss*,
  No. 01–10–00948–CV, 2011 WL 2089777 (Tex. App.–Houston [1st Dist.] May 19, 2011) ..... 9

**Statutes**

Tex. Prop. Code § 51.002(e) ............................................................................... 8, 9, 10

**Rules**

Fed. R. Civ. P. 56(b) ............................................................................................... 13

Fed. R. Civ. P. 56(c) ................................................................................................. 6

Fed. R. Civ. P. 56(e) ................................................................................................. 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JENNIFER McMANNIS CAUDILL AND JOSHUA CAUDILL, <br>   Plaintiffs <br><br> VS. <br><br> US BANK TRUST NATIONAL ASSN., FAY SERVICING, LLC, TEJAS TRUSTEE SERVICES <br>   Defendants | § § § § § § § § § § § | C.A. NO. 1:21-cv-00109-H |

## **DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee for VRMTG Asset Trust, improperly named US Bank Trust National Association, ("**Trustee**") and Fay Servicing LLC ("**Fay**") (both are collectively "**Defendants**") file this Motion for Summary Judgment on all claims of Plaintiffs, Jennifer McMannis Caudill and Joshua Caudill ("**Plaintiffs**") and would respectfully show unto the Court as follows:

## **SUMMARY**

1. Defendants move for summary judgment on all claims of Plaintiffs based on the following grounds:

   a. Plaintiffs' wrongful foreclosure claim fails because there is no evidence sufficient to support an irregularity with the sale;

   b. Plaintiffs' wrongful foreclosure claim fails because there is no evidence sufficient to support the required element that an irregularity with the sale led to a grossly inadequate sales price;

   c. Plaintiffs' wrongful foreclosure claim fails because there is no evidence sufficient to establish damages arising from a wrongful foreclosure claim

   d. Plaintiffs' claim for injunctive relief fails because there is no evidence sufficient to establish a probable right of recovery as required to be entitled to injunctive relief.

## LIVE PLEADINGS

2.      Plaintiffs' live pleading is Plaintiffs' First Amended Petition for Wrongful Foreclosure and Injunctive Relief (the "**Complaint**"). See Dkt. No. 15. Defendants' live pleading is Defendants' Answer to Plaintiffs' First Amended Complaint. See Dkt. No. 19. Defendants seek summary judgment dismissing all claims of Plaintiffs.

## NATURE AND STAGE OF PROCEEDING

3.      This matter involves a first lien mortgage provided to Jennifer McMannis Caudill ("**Borrower**") that was past due for the August 1, 2019 payment and all subsequent payments at all times material to a completed June 1, 2021 foreclosure sale. See Exhibit 1, Appx. p. 003. Plaintiffs filed this action on June 1, 2021 in state court. See Original Petition at Dkt. No. 1-4.

4.      Trustee was the mortgagee at the time of the subject foreclosure sale and Fay was the mortgage servicer for the subject loan for Trustee. See Exhibit 1, Appx. p. 003.

5.      Defendants filed an answer in state court and then removed the case to this Court based on Diversity Jurisdiction on June 16, 2021. See Notice of Removal, Dkt. No. 1.

6.      Plaintiffs filed their Amended Complaint on August 20, 2021. See Dkt. 15. Defendants filed their Answer to Plaintiffs' First Amended Complaint on August 31, 2021. See Dkt. No. 19. The Jurisdiction of this Court has not been contested and has been established.

7.      Plaintiffs' Complaint includes causes of action for wrongful foreclosure and injunctive relief. See Dkt. 15. Plaintiffs' claims fail based on the standards applicable to summary judgment because the essential elements of Plaintiffs' claims are negated below and separately because Plaintiffs cannot come forward with evidence to support the essential elements of their claims for wrongful foreclosure and injunctive relief. As will be shown, Plaintiffs' claims fail and Defendants are entitled to summary judgment.

**FACTUAL BACKGROUND**

8. On or about August 19, 2013, Borrower executed a promissory note (the "**Note**") made payable Ameripro Funding, Inc. and its assigns. In the Note, Borrower promised to pay the principal amount of $109,250.00, plus interest as set forth in the Note. See Exhibit 1-A, Appx., p. 006.

9. The indebtedness was secured by a deed of trust ("**Deed of Trust**") executed by Borrower dated August 19, 2013, establishing a first lien on the Property. The Deed of Trust is recorded in the real property records of Howard County, Texas as Instrument No. 2013-00006169. See Exhibit 1-B, Appx., p. 010. The Note, Deed of Trust and modification agreements, if any, are collectively referred to as the ("**Loan**").

10. Through a series of assignments, the Deed of Trust was assigned to Trustee which became the mortgagee under the subject loan. See Exhibit 1-C, Appx., p. 030.

11. Trustee is the current owner and holder of the subject note, the current mortgagee for the subject loan and is legally authorized to enforce same. See Exhibits 1 and 1-A-1-C, Appx. pp. 006 - 030.

12. Neither Borrower, nor anyone on her behalf has paid the installment payment due under the Loan for August 1, 2019, and all installments due under the Loan after that date. See Exhibit 1, Appx., p. 003.

13. Accordingly, Borrower defaulted on her payment obligations under the Note and Deed of Trust. Pursuant to the terms and conditions of the Note and at the election of the payee, the entire unpaid principal balance and interest on the Note was to become payable and immediately due at the lender's option on default. See Exhibits 1 and 1-A, Appx. pp. 003 - 006.

14. On September 17, 2019, while the Loan was in default, Notice of Default and Intent to Accelerate was sent via certified mail to Borrower at her last known address according to the records of Defendants. See Exhibit 1-D, Appx. p. 040.

15. Following that date, on March 11, 2020, while the payment obligations due under the Note remained in default, the payment obligations under the subject loan were legally accelerated via written Notice of Maturity/Acceleration including Notice of Substitute Trustee's Sale that was sent via certified mail to Borrower to her last known address according to the records of Defendants. See Exhibit 1-E, Appx. p. 044  That Notice advised Borrower of a foreclosure sale that was scheduled for April 7, 2020. *Id.*  However, that sale date was passed and no sale occurred on that scheduled date. See Exhibit 1, Appx. p. 003.

16. Following that date, on April 16, 2021, while the payment obligations due under the Note remained in default, the payment obligations under the subject loan were again legally accelerated via written Notice of Maturity/Acceleration including Notice of Substitute Trustee's Sale that was sent via certified mail to Borrower to her last known address according to the records of Defendants. See Exhibit 1-F, Appx. p. 054.  That Notice advised Borrower of a foreclosure sale that was scheduled for June 1, 2021. *Id.*

17. On April 22, 2021, Notice of Foreclosure was posted at the required location in Howard County, Texas. See Exhibit 1-G, Appx. p. 062.

18. On June 1, 2021, after all legally required notices had been provided, and while the payment obligations under the Loan remain in default a foreclosure sale was completed by Trustee as evidenced by a Substitute Trustee's Deed recorded in the real property records of Howard County, Texas as Instrument No. 2021-00004847. See Exhibit 1-H, Appx. p. 064.

19. Fay Servicing, LLC was the duly authorized mortgage servicer for the subject loan at all times material to the June 1, 2021 foreclosure sale at issue. See Exhibit 1, Appx. p. 003.

20. At the time of the June 1, 2021 foreclosure sale Borrower remained in default and had not cured the default or paid the accelerated balance due under the Loan. See Exhibit 1, Appx. p.003. Shelley Nail, as Substitute Trustee, conducted the sale in a manner required by law and the high bidder at the sale was Trustee via a credit bid. See Exhibits 2 and 2-A, Appx. pp. 070 and 072.

## SUMMARY JUDGMENT EVIDENCE

21. The Appendix in Support of Defendants' Motion for Summary Judgment contains the following evidence which is attached hereto and incorporated herein by reference.

| | | |
|---|---|---|
| Exhibit "1" | | Declaration of Michael Paterno of Fay and Exhibits thereto which include the following: |
| | 1-A | Promissory Note dated August 19, 2013 |
| | 1-B | Deed of Trust dated August 19, 2013 |
| | 1-C | Assignments to Trustee |
| | 1-D | Notice of Default dated September 17, 20191-E |
| | 1-E | Notice of Maturity/Acceleration dated March 11, 2020 |
| | 1-F | Notice of Maturity/Acceleration dated April 16, 2021 |
| | 1-G | Posted Foreclosure Notice |
| | 1-H | Substitute Trustee's Deed. |
| Exhibit "2" | | Declaration of Shelley Nail as Substitute Trustee |
| | 2-A | Substitute Trustee's Deed |
| | 2-B | Admonishment to Purchaser from Unrelated Sale |

## DISCUSSION

### A. Standards for Motion for Summary Judgment.

22. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.[1] Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2]

23. For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."[3] The moving party, however, need not negate the elements of the non-movant's case.[4] The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[5]

24. If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.[6] "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).
[2] Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).
[3] *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).
[4] *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).
[5] *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).
[6] *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).
[7] *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

25. In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party.[8] A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.[9] The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[10] Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.[11] Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."[12] In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.[13]

26. The Court is not required to accept the non-movant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence.[14] Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.[15] A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.[16]

---

[8] *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).
[9] *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[10] *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).
[12] *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).
[13] *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).
[14] *Reaves Brokerage*, 336 F.3d at 413.
[15] *See* Fed. R. Civ. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F.Supp.2d 733, 745 (S.D. Tex. 2003).
[16] *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud.").

### B.  Plaintiffs' Wrongful Foreclosure Claim Fails.

27.  Plaintiffs, do not dispute that Borrower was in default on her payment obligations at all material times, but allege that Defendants failed to provide the required notices for the June 1, 2021 foreclosure sale and that the Substitute Trustee who performed the sale did not perform the sale in accordance with Texas law.  See Dkt. 15 Complaint at ¶¶ 24-26.

28.  In order to succeed on a wrongful foreclosure claim, the Plaintiffs must show: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.[17]  Plaintiffs have not and cannot make such a showing.

29.  The Substitute Trustee's Deed recorded in the real property records of Howard County, Texas, is prima facie evidence that all requirements for the subject foreclosure were complied with by Trustee.[18]  See Exhibit 1-H, Appx., p. 064.

30.  "A foreclosure is to be reviewed with a presumption that all prerequisites to the sale have been performed." Accordingly, evidence such as the recitals in the trustee's deed indicating compliance with the conditions of the deed of trust and statute represent prima facie evidence of the validity of the foreclosure sale.[19]

31.  Defendants have otherwise established that notice was provided in compliance with Texas law.  See Exhibits 1-D (Notice of Default), 1-F (Notice of Acceleration and Foreclosure) and 1-H (Substitute Trustee's Deed), Appx., pp. 040, 054 and 064.

---

[17] *Charter Nat'l Bank-Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex. App.–Houston [14th Dist.] 1989, writ denied).
[18] Tex. Prop. Code § 51.002(e); *Martins v. BAC Home Loans Servicing,* 722, F.3d 249, 256 (5th Cir. 2014); *Gillespie v. Midland Mortg. Co.*, 05-06-00348-CV, 2007 WL 882490 (Tex. App.–Dallas, 2007, no pet.) (quoting *Sullivan v. Nat'l W. Life Ins. Co.,* 417 S.W.2d 896, 898 (Tex. Civ. App.–Houston 1967, no writ).
[19] *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex. 1983); *Kirkman v. Amarillo Sav. Ass'n*, 483 S.W.2d 302, 306 (Tex. Civ. App.–Amarillo 1972, writ ref'd n.r.e.) (noting that recitals in a foreclosure deed are presumed to be correct, unless rebutted by competent evidence).

32. Plaintiffs have not and cannot present evidence that Defendants failed to send the requisite notices in compliance with Texas law, nor can they establish any irregularity with the foreclosure sale that led to a grossly inadequate sales price as necessary to establish evidence of a wrongful foreclosure claim.[20]

33. The notice requirements in § 51.002 provide "a minimum level of protection for the debtor, and provide for only constructive notice of the foreclosure."[21]

34. Actual notice is not required. Instead, "service of a notice under [§ 51.002] by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."[22]

35. The "mailbox rule" is in accord with the Deed of Trust, which states in relevant part:

"**Notices**.  All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless applicable law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address.  If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change for address through that specified procedure.  There may be only one designated notice address under this Security Instrument at any one time.  Any notice to Lender shall be given by delivering it or mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower.  Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument."

See Exhibit 1-B, ¶ 15, Appx., p. 022.

---

[20] *Pollett v. Aurora Loan Services,* 455 Fed. Appx. 413, 415 (5th Cir. 2011) citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 239 (Tex. App.–Corpus Christi-Edinburg, 2008, no pet.)

[21] *Gossett v. Fed. Home Loan Mortg. Corp.,* 919 F. Supp. 2d 852, 859–60 (S.D. Tex. 2013) quoting *Onwuteaka v. Cohen,* 846 S.W.2d 889, 892 (Tex. App.–Houston [1st Dist.] 1993, no pet.). "Actual receipt of the notice is not necessary." *WMC Mortgage Corp. v. Moss,* No. 01–10–00948–CV, 2011 WL 2089777, *7 (Tex. App.–Houston [1st Dist.] May 19, 2011).

[22] Tex. Prop. Code § 51.002(e).

36. Furthermore, "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service."[23] Defendants' evidence conclusively establishes that before the foreclosure sale at issue, Trustee timely provided the Borrower with both the Notice of Default and the Notice of Acceleration and Notice of the Sale in accordance with the Deed of Trust and the Texas Property Code and otherwise complied with all notice requirements prior to foreclosure.[24] See Exhibit 1-H, Appx., p. 064.

37. Accordingly, there is no evidence that Defendants failed to provide any notice in compliance with the terms of the Deed of Trust and applicable Texas law prior to foreclosure, and therefore there is no evidence of any irregularity or defect in the foreclosure sale that led to a grossly inadequate sales price. Plaintiffs have not and cannot provide competent evidence establishing the essential elements of a wrongful foreclosure claim.

38. Plaintiffs have also include an unsubstantiated allegation that the Substitute Trustee, Shelley Nail, did not actually conduct the subject foreclosure sale as indicated in the Substitute Trustee's Deed. Specifically, Plaintiffs allege that, "Plaintiffs have a witness stating that Shelley Nail was not at the required location of the Howard County Courthouse during the required time and did not conduct such sale." See Complaint at ¶ 25.

39. Although the evidentiary basis for this unsubstantiated allegation is unclear, the Substitute Trustee's Deed is prima facie evidence of the validity of the sale as established above. Further, Ms. Nail was at the proper location at the time and date indicated in the Substitute Trustee's Deed and conducted the sale in the manner stated therein. See Exhibit 2, 2-A and 2-B; Appx., pp. 070 - 078. As further evidence of Ms. Nail's presence at the sale location on the date

---

[23] Tex. Prop. Code § 51.002(e).
[24] *Gossett*, 919 F. Supp. 2d at 860.

in question, Defendants attach a document showing that Ms. Nail conducted at least one other unrelated foreclosure sale at the same location in Howard, County, on the June 1, 2021, further establishing that she conducted the subject sale and was present on the date of the sale at issue in this matter.  See Exhibit 2-B, Appx., pp. 078

40.     Additionally, although Defendants deny Plaintiffs' unsupported allegations regarding the sale and notice, Plaintiffs have not and cannot establish that there was an irregularity with the sale that led to a grossly inadequate sales price.[25]  "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect."[26]  Plaintiffs have not and cannot show a grossly inadequate sales price resulting from any actual defect in the sale.

41.     Additionally, if necessary, the measure of damages for a wrongful foreclosure claim, even if a viable claim existed, is any equity by the borrower in the subject property.  "In a wrongful foreclosure suit the measure of damages is the difference between the value of the property in question at the date of the foreclosure and the remaining balance due on the indebtedness."[27]  Plaintiffs have not or cannot establish that they or Borrower had equity in the subject property at the time of the foreclosure sale, and therefore cannot establish damages to support a wrongful foreclosure claim.  For these multiple and alternative reasons, Plaintiffs' wrongful foreclosure claim fails.

42.     Finally, to the extent Plaintiffs are attempting to set aside the foreclosure sale, their claims fail because they have not tendered or offered to tender the amount of the debt that was owed at the time of the subject foreclosure sale.  Under Texas law, to be entitled to the equitable remedy of setting aside a void foreclosure sale, "tender of whatever sum is owed on the mortgage debt is

---

[25] *Pollett,* 455 Fed. Appx. at 415.
[26] *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012); *Biggers v. BAC Home Loans Servicing, LP,* 767 F. Supp.2d 725, 729 (N.D. Tex. 2011).
[27] *Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex.1986).

11

a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession of the property and claims title under a void foreclosure sale."[28]  Here, there is no evidence that Plaintiffs paid or tendered the *full amount* of the indebtedness due on the Note and Deed of Trust either before or after the foreclosure and sale of the Property, which is equally fatal to their claims.

## CONCLUSION

43.     Plaintiffs have not and cannot come forward with evidence establishing the essential elements of their wrongful foreclosure claim.  For the foregoing multiple and alternative reasons, this Court should grant Defendants' Motion for Summary Judgment, dismissing all claims of Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that Plaintiffs' claims against Defendants be dismissed with prejudice and that Defendants recover such further relief to which this Court deems it to be justly entitled.

---

[28] *Vick v. Select Portfolio Servicing, Inc.*, No. 3:17-CV-2031-L, 2018 WL 2321992, at *3 (N.D. Tex. Feb. 28, 2018) citing *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.) (citing *Willoughby v. Jones*, 251 S.W.2d 508, 510 (Tex. 1952); *Loomis Land & Cattle Co. v. Diversified Mortg. Inv'rs*, 533 S.W.2d 420, 424 (Tex. Civ. App.–Tyler 1976, writ ref'd n.r.e.) (explaining that, under Texas law, tender of the full indebtedness is required even when a mortgagee purchases property in a foreclosure sale that is alleged or shown to be "irregular or void as to the mortgagor") (citations omitted); *see also Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.–Fort Worth 1999, pet. denied) (concluding that setting aside a trustee sale is an equitable remedy that requires the mortgagor to make a valid tender of the amount due to receive equity).

        Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of October 2021, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with Federal Rule of Civil Procedure 5(b) as follows:

Shonda K. Folsom
The Folsom Law Firm, PLLC
P.O. Box 641
Big Spring, Texas 79721
**Via ECF**

    /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.

13