IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JENNIFER McMANNIS CAUDILL, *et al.*, | § § § |
| Plaintiffs, | § § |
| | §   Civil Action No. 1:21-cv-00109-H-BU |
| v. | § § |
| US BANK TRUST NATIONAL ASSN., *et al.*, | § § § § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

By a standing order of reference, United States District Judge James Wesley Hendrix referred this civil action to the undersigned for pretrial management under 28 U.S.C. § 636(b). Dkt. No. 3. Before the Court is the Motion for Summary Judgment ("Motion") filed by Defendants US Bank Trust National Assn. ("Trustee"), Fay Servicing, LLC ("Fay"), and Tejas Trustee Services (collectively, "Defendants") in this lawsuit brought by Jennifer McMannis Caudill and Joshua Caudill. Dkt. No. 20. The Caudills, who filed this lawsuit pro se but have since retained legal counsel, have not responded to Defendants' Motion, and their time to do so has passed.

Having considered the motion, Defendants' briefing, and the applicable law, the undersigned recommends that Defendants' Motion Summary Judgment be GRANTED.

1

I.  BACKGROUND

This lawsuit arises from Defendant's foreclosure of a deed of trust encumbering the real property located at 2708 Central Drive, Big Spring, Texas 79720. Dkt. No. 15 at 1. On or about August 19, 2013, Jennifer Caudill executed a promissory note for $109,250.00 plus interest, payable to Ameripro Funding, Inc., and its assigns.[1] Dkt. No. 21 at 8. Jennifer Caudill also executed a Deed of Trust, recorded on August 19, 2013. *Id*.

The beneficial interest in the Deed of Trust has since been transferred, through a series of assignments, to Trustee who became the mortgagee under the subject loan, and remains the current holder of the note. *Id*. Fay is the duly authorized mortgage servicer for the loan throughout the times relevant to the foreclosure sale at issue. *Id*. at 10.

The Caudills failed to make the installment payment due August 1, 2019. *Id*. at 8. On September 17, 2019, Defendants mailed Caudill, via certified mail, a Notice of Default and Intent to Accelerate. *Id*. at 9. The next communication between the parties occurred on March 11, 2020, when Defendants mailed to Caudill, via certified mail, a notice that the balance of the Note had been accelerated, and that a foreclosure sale was scheduled for April 7, 2020. *Id*. That sale date passed without a sale. *Id*.

More than a year later, Defendants mailed a second notice to the Caudills, via certified mail, informing them that the payment obligations were again accelerated, and advised of a foreclosure sale scheduled for June 1, 2021. *Id*.

---

[1] Although Jennifer McCannis Caudill executed the promissory note as an unmarried woman, she since married Joshua Caudill, and now brings this lawsuit with him. *See* Dkt. Nos. 15, 22-3.

On April 22, 2021, Defendants posted a Notice of Foreclosure at the required location in Howard County, Texas. Dkt. *Id*. The foreclosure sale occurred as scheduled on June 1, 2021, conducted by Substitute Trustee Shelley Nail, and went to the highest bidder, Trustee, via credit bid. *Id*. at 9-10. Trustee completed the sale as evidenced by a Substitute Trustee's Deed recorded in Howard County. *Id*. at 9.

On the day of the sale, the Caudills filed this lawsuit pro se in Texas state court to prevent foreclosure of the Deed of Trust. *Id*. at 7. Defendants answered and removed the case to this Court, invoking the Court's diversity jurisdiction. *See* Dkt. Nos. 1, 21 at 7.

After the Caudills obtained legal representation, they submitted an Amended Complaint, seeking injunctive relief and alleging wrongful foreclosure. *See* Dkt. No. 15 at 2, 5. Defendants answered on August 31, 2021, and then on October 12, 2021, filed this Motion for Summary Judgment. Dkt. No. 21 at 7. As of the date of this recommendation, the Caudills have not responded to the Motion.

## II.    SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Defendants, as the movant, have "the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party meets this burden, the nonmoving party must set forth"—and support with credible evidence—"specific facts showing a genuine issue for trial and not rest upon the allegations . . . contained in its pleadings." *Lynch Props.*, 140 F.3d at 625. Such a showing must be made as to "every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

The Court must draw all reasonable inferences in favor of the nonmoving party, but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson*, 477 U.S. at 255. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (internal citations omitted). Rather, a "plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment . . . even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257.

In deciding unopposed motions for summary judgment, a court cannot grant the motion simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). The burden to show the absence of a genuine issue of material

fact rests on the movant, regardless of whether plaintiffs filed a response. *Id*. "Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment." *Hutton v. Nationstar Mortgage LLC*, No. 3:16-CV-0266-B, 2018 WL 3392028, at *2 (N.D. Tex. July 10, 2018) (internal citation omitted).

### III.   DISCUSSION

In their Amended Complaint, the Caudills allege that Defendants executed a wrongful foreclosure through a defect in the foreclosure proceedings. Dkt. No. 15 at 5-6. The Caudills assert that: (1) the loan was never accelerated as required by Section 22 of the Deed of Trust; (2) the loan was not in default because "they had been under forbearance with their new lender and were in the process of continuing that forbearance with the new lender;" and (3) in violation of the Texas Property Code, the Substitute Trustee was not at the Howard County Courthouse required location during the required time. *Id*.

Defendants' Motion for Summary Judgment counters these assertions and requests summary judgment on all claims on the grounds that: (1) the wrongful foreclosure claim fails because there is no evidence sufficient to support an irregularity with the sale; (2) the wrongful foreclosure claim fails because there is no evidence sufficient to support the required element that an irregularity with the sale led to a grossly inadequate sales price; (3) the wrongful foreclosure claim fails because there is no evidence sufficient to establish damages arising from the claim, and (4) the Caudills' claim for injunctive relief fails because there is no evidence sufficient to establish a probable right of recover. Dkt. No. 21 at 6. As stated above, the Caudills did not file a response to the Motion.

To succeed on a claim of wrongful foreclosure, a plaintiff must show: "(i) a defect in the foreclosure sale proceedings; (ii) a grossly inadequate selling price; and (iii) a causal connection between the defect and the grossly inadequate selling price." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (internal citations omitted). Allegations only of a defect in the foreclosure proceedings are insufficient; rather, it is also necessary that an inadequate selling price resulted from the defect. *Hurd v. BAC Home Loans Servs., LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012).

Once Defendants carry their initial burden of demonstrating the absence of a genuine issue of material fact, even as to one element of the Caudill's claims, the burden shifts to the Caudills to support with credible evidence "specific facts showing a genuine issue for trial and not rest upon the allegations . . . contained in its pleadings." *Lynch Props.*, 140 F.3d at 625.

Here, the Caudills have not carried that burden because they have not alleged in their Complaint that the alleged irregularity in the foreclosure sale has a causal connection to a grossly inadequate sales price. Defendants are entitled to summary judgment on this deficiency alone. *See Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) (granting summary judgment when plaintiffs failed to allege an essential element of their wrongful foreclosure claim).

In the interest of a thorough review, however, the undersigned will address the Caudill's arguments alleging a defect in the foreclosure sale proceedings that: (1) the loan was not properly accelerated; (2) the loan was not in default; and (3) the Substitute Trustee was not at the Howard County Courthouse during the required time. Dkt. No. 15 at 5-6.

A. <u>Acceleration of the Note</u>

First, the Caudills allege that Defendants failed to accelerate the loan in accordance with the Deed of Trust provisions, which the Court construes as a breach of contract. Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc*. 564 F.3d 386, 418 (5th Cir. 2009) (*quoting Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

The agreement governing the acceleration of the loan is the Deed of Trust, which provides:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by the Security Instrument and the sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

Dkt. No. 22-3 at 15.

The evidence submitted with the Motion shows that before the foreclosure sale, Defendants mailed the Caudills both the Notice of Default and the Notice of Acceleration in accordance with the Deed of Trust and the Texas Property Code. Defendants sent Jennifer Caudill, via certified mail, Notice of Default and Notice of Intent to Accelerate on

7

September 17, 2019. Dkt. No. 22-5 at 1-4. These Notices state that the Caudills are in default under the Note in the amount specified, that the default can be cured by tendering payment in certified funds no later than the date stated therein, and that failure to cure timely will result in acceleration. *See id*.

When the Caudills did not cure, Defendants, through legal counsel, sent a Notice of Maturity/Acceleration and Notice of Substitute Trustee on March 11, 2020. Dkt. No. 22-6 at 2. Defendants sent a second Notice of Maturity/Acceleration and Notice of Substitute Trustee on April 16, 2021. Dkt. No. 22-7 at 2. The second Notice of Acceleration expressly states that the foreclosure sale would be conducted on June 1, 2021, between 10:00 a.m. and 1:00 p.m. at the Howard County Commissioners Court. *See id*.

To support their allegation of breach, the Caudills state that they "never received notices of default, acceleration, or foreclosure sale." Dkt. No. 15 at 5. Under Texas law, "[s]ervice of notice is complete when the notice is sent via certified mail," and there "is no requirement that [plaintiff] receive the notice." *Martins v. BAC Home Loan Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Therefore, Defendants need only show that they sent notices to the Caudills via certified mail, which they have done through their exhibits. *See* Dkt. Nos. 22-5 at 1-4, 22-6 at 2, 22-7 at 2.

Defendants' evidence conclusively shows that before the foreclosure sale, Defendants served the Caudills with both Notice of Default and two Notices of Acceleration in accordance with the Deed of Trust and the Texas Property Code § 51.002. Therefore, Defendants are entitled to summary judgment on this claim.

B. Loan in Default

The Caudills further claim that the loan was not in default because they were pursuing forbearance with Fay as the new loan servicer. Dkt. No. 15 at 4-5. The Caudills allege that because Mr. Caudill spoke with Fay agents and attempted to fax forbearance program paperwork, the loan was in a forbearance process and thus cannot be subject to foreclosure. *Id.* The Caudills fail to produce any evidence of the alleged forbearance or pending forbearance process. Because the evidence before the Court fails to show any proof, Defendants are entitled to summary judgment on the Caudills' claim that the loan was not in default.

C. Violation of Texas Property Code

The Caudills' claim that Defendants violated Texas Property Code § 51.002(a) because, per "a witness," Ms. Nail was not present at Howard County Courthouse to conduct the foreclosure sale. *Id.* at 5-6.

Under Texas Property Code § 51.002(a), a foreclosure sale must occur between 10 a.m. and 2 p.m. of the first Tuesday of a month at the county courthouse in which the land is located. Tex. Prop. Code Ann. § 51.002(a) (West, current through the end of the 2021 Reg. and Called Sess. of the 87th Legislature).

Defendants provided Ms. Nail's sworn declaration that she was at the Howard County Courthouse at the required time and place. Dkt. No. 21 at 15; Dkt. 22-10 at 1. Because the Caudills have not produced any evidence to support their claim or counter Defendants' evidence to the contrary, the undersigned finds there is no genuine issue of material fact on this issue. Conclusory allegations, and unsubstantiated assertions are not

9

enough to satisfy the Caudills' burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994) (en banc). Therefore, Defendants are entitled to summary judgment on this claim.

## IV. INJUNCTIVE RELIEF

Defendants request summary judgment on the Caudills' request for injunctive relief staying the foreclosure proceedings, claiming that the Caudills have failed to show the required elements for injunctive relief because the Caudills have presented no evidence sufficient to show a probable right to recovery. Dkt. No. 21 at 6.

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). A party seeking either a preliminary injunction or temporary restraining order must prove four elements:

1. a substantial likelihood of success on the merits of his case;
2. a substantial threat of immediate and irreparable harm for which there is no adequate remedy at law;
3. that the threatened injury outweighs any harm that the injunctive order might cause the defendant; and
4. that a temporary restraining order will not disserve the public interest.

*Dearmore v. City of Garland*, 400 F. Supp. 2d 894, 898 (N.D. Tex. 2005) (citing *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974) (*en banc*)). Injunctive relief will be denied if the movant fails to prove any of these four elements. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

The Caudills' request for injunctive relief is based solely on their wrongful foreclosure claim. As Defendants are entitled to summary judgment on the wrongful foreclosure claim, and thus the Caudills will not succeed on the merits of their claim, the request for injunctive relief also fails. For this reason, the undersign recommends the request for injunctive relief be DISMISSED with prejudice.

## VII.   CONCLUSION

For these reasons, the undersigned United States magistrate judge RECOMMENDS that the Defendants' Motion for Summary Judgment be GRANTED, and the Caudill's lawsuit, including both claims for wrongful foreclosure and injunctive relief, be DISMISSED with prejudice.

## VI.   RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 19th day of January, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE